United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51646
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ROSARIO VEGA-SOTO, also known as Francisco
Zavala-Gutierrez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-819-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

    Sergio Rosario Vega-Soto appeals the 96-month

sentence imposed following his plea of guilty to

illegally reentering the United States after

deportation.  Vega-Soto argues that his sentence is

unreasonable and greater than necessary to satisfy the

sentencing goals of 18 U.S.C. § 3553(a).  He does not

--------------------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the calculation of his guidelines sentencing range.

A sentence, such as Vega-Soto's, "within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). We note that the district court considered and rejected Vega-Soto's arguments for a departure or variance based on the application of the § 3553(a) factors to his case. Vega-Soto has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. See Alonzo, 435 F.3d at 554; United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Vega-Soto also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 96-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Vega-Soto's constitutional challenge is foreclosed by Almendarez-Torres v. United

<u>States</u>, 523 U.S. 224, 235 (1998).  Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Vega-Soto properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.